UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** ED CV 17-1933 (SJO)　　　　**DATE:** April 12, 2018
　　　　　　　　AP 6:16-ap-1199-MH
　　　　　　　　BK 6:13-bk-27611-MH

**TITLE:** In re Douglas J. Roger

================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz　　　　　　　　　　　　Not Present
Courtroom Clerk　　　　　　　　　　　　Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**　　**COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present　　　　　　　　　　　　　　Not Present

================================================================
**PROCEEDINGS (in chambers): ORDER REVERSING BANKRUPTCY COURT'S ORDER TO DISMISS APPELLANT'S SECOND AND THIRD AMENDED COMPLAINTS**

This matter is before the Court on appeal by Appellant Revere Financial Corporation ("Revere" or "Appellant") of the United States Bankruptcy Court for the Central District of California's ("Bankruptcy Court") order dismissing Revere's Third Amended Complaint without leave to amend in case number 6:13-BK-27611. Revere filed an amended opening brief ("Motion") on December 19, 2017. Appellee Bank of Southern California ("BSC" or "Appellee") filed a responsive brief ("Opposition") on January 17, 2018. Revere filed a reply brief ("Reply") on January 31, 2018. For the following reasons, the Court **REVERSES** the Bankruptcy Court's Order granting BSC's Motions to Dismiss and **REMANDS** the action to the Bankruptcy Court for further proceedings.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

　　A.　　Factual Background

On March 18, 2013, a State Court appointed a Receiver over all of Douglas J. Roger's assets ("Receivership Order"). (Appellant's Appendix ("AA"), Vol. 4, 2154-2156, ECF No. 19.) The Receivership Order directed Roger to transfer of all his personal property and monies to the Receiver, and for all persons doing business with Roger to transfer all property or monies that such person owed, or held for the benefit of Roger to the Receiver. (AA, Vol. 4, 2155-2156.) Roger refused to comply with the Receivership Order, was held in contempt of court, and subsequently jailed whereupon he filed for Chapter 7 bankruptcy on October 25, 2013. (AA, Vol. 4, 2156.) Revere's TAC alleged the following.

Upon Roger's bankruptcy filing, Revere became the liquidating trustee of Roger's bankruptcy estate, responsible for prosecuting any claims that the bankruptcy estate held for the benefit of Roger's bankruptcy estate/creditors. (AA, Vol. 4, 2154.) Thereafter, Revere discovered that while Roger was under the Receivership Order, Roger was hiding and transferring his assets to avoid

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |

CASE NO.: **ED CV 17-1933 (SJO)**                 DATE: **April 12, 2018**
           **AP 6:16-ap-1199-MH**
           **BK 6:13-bk-27611-MH**

detection by the Receiver. (AA, Vol. 4, 2157-2158.) Specifically, Roger would instruct his agents to transfer his money to third-party entities of which Roger was the sole owner. (AA, Vol. 4, 2157-2158.) In turn, the third-parties would then pay Roger's expenses. (AA, Vol. 4, 2157-2158.) One such series of transactions involved BSC; i.e., the catalyst for the adversary proceedings here.

Between February through August 2013, Roger directed Nicole Ebarb ("Ms. Ebarb"), his personal/business assistant and partner, to transfer $155,988 of Roger's personal money to non-party OIC Medical Corporation ("OIC").[1] (AA, Vol. 4, 2155, 2158-2159.) On August 27, 2013, Roger directed Ms. Ebarb to withdraw $360,000 from Roger's personal bank account to purchase a cashier's check payable to OIC and to deposit the cashier's check(s) into OIC's bank account. (AA, Vol. 4, 2158.) At Roger's behest, the very next day (August 28, 2013) OIC transferred[2] $408,947 to BSC for the purpose of paying off Roger's personal debt to BSC.[3] (AA, Vol. 4, 2159.) As a result of these transfers, Revere, acting on behalf of Roger's bankruptcy estate, filed a Complaint against BSC. (*See generally* AA, Vol. 1-1, 1-16, ECF No. 13.)

    B.     <u>Procedural Background</u>

        1.     <u>The First Amended Complaint</u>

On July 29, 2015, Revere filed its First Amended Complaint ("FAC") against BSC alleging five causes of action: (1) intentional fraudulent transfer of the receivership estate assets; (2) statutory intentional fraudulent transfer; (3) preferential transfer; (4) unjust enrichment; and, (5) money had and received. (AA, Vol. 2-1, 543-558, ECF No. 38.) BSC responded to the FAC with a Motion to Dismiss all of Revere's claims. (AA, Vol. 2-1, 561-1182.) The Bankruptcy Court granted BSC's Motion ("FAC Dismissal Order") with leave to amend. (AA, Vol. 2-1, 1287-1298.)

        2.     <u>The Second Amended Complaint</u>

On February 1, 2017, Revere filed its Second Amended Complaint ("SAC") against BSC, adding more allegations to bolster its pleading of the same five causes of action as found in the FAC. (AA, Vol. 3-1, 1299-1316, ECF No. 47.) BSC responded to the SAC with another Motion to

---

[1] OIC is a corporation in which Roger was the sole shareholder, director, and officer. (AA, Vol. IV, 2155.)

[2] The transfer took place within ninety days of Roger's 2013 bankruptcy filing. (AA, Vol. IV, 2158-2159.)

[3] OIC was not liable to BSC on the loan it paid off; in fact, Roger was a guarantor on the loan OIC paid off. (AA, Vol. IV, 2159.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: ED CV 17-1933 (SJO)
AP 6:16-ap-1199-MH
BK 6:13-bk-27611-MH

DATE: April 12, 2018

Dismiss all of Revere's claims. (AA, Vol. 3-1, 1317-1978.) The Bankruptcy Court granted BSC's Motion ("SAC Dismissal Order") with leave to amend claims one through three while dismissing Revere's fourth and fifth claims without leave to amend. (AA, Vol. 3-1, 2140-2151.)

    3.    The Third Amended Complaint

Revere filed a Third Amended Complaint ("TAC") on July 5, 2017, alleging causes of action for (1) intentional fraudulent transfer of the receivership estate assets; (2) statutory intentional fraudulent transfer; and, (3) preferential transfer. (AA, Vol. 4, 2152-2170.) BSC responded to the TAC with a third Motion to Dismiss all of Revere's claims. (AA, Vol. 4, 2174-1254.) On September 7, 2017, the Bankruptcy Court granted BSC's Motion ("TAC Dismissal Order") without leave to amend. (AA, Vol. 4, 2291-2298.) On September 21, 2017, Revere timely appealed the TAC Dismissal Order.[4] (AA, Vol. 4, 2299-2310.)

II.    DISCUSSION

    A.    Jurisdiction and Standard of Review

The Bankruptcy Court's TAC Dismissal Order is a final, appealable order that this Court has jurisdiction to review. 28 U.S.C § 158(a)(1). A bankruptcy court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir. 2002); *First Resort, Inc. v. Herrera*, 860 F.3d 1263 (9th Cir. 2016). Furthermore, the Bankruptcy Court's SAC Dismissal Order, which partially dismissed certain causes of action, merges into the final order, thus mandating review of all five original causes of action as pled in the FAC and thereafter in the SAC. (*See supra* at 3, n. 4.)

    B.    Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack

---

[4] In turn, Revere also appeals the FAC Dismissal Order and the SAC Dismissal Order, which merge into the final TAC Dismissal Order. (Mot. 15, ECF No. 56-12) (*Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984) ("An appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: ED CV 17-1933 (SJO)　　　　　　DATE: April 12, 2018
　　　　　　AP 6:16-ap-1199-MH
　　　　　　BK 6:13-bk-27611-MH

of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto v. Glock*, 349 F.3d 1191, 1200 (9th Cir. 2003). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, "where the claim is plausible – meaning something more than a sheer possibility, but less than a probability – the plaintiff's failure to prove the case on the pleadings does not warrant dismissal." *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (internal quotation marks omitted).

Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)") provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This is because allegations of fraud "must be specific enough to give a defendant notice" of its allegedly fraudulent conduct so that the defendant "may defend against the charge." *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1092 (N.D. Cal. 2014) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). As a general matter, allegations sounding in fraud "must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04 (9th Cir. 2003).)

While Rule 9(b) requires that Plaintiffs allege fraud with particularity, "knowledge[] and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In other words, "[t]he requirements of Rule 9(b) may be 'relaxed as to matters peculiarly within the opposing party's knowledge,' if the plaintiffs cannot be expected to have personal knowledge of the facts prior to discovery." *In re Gupta Corp. Sec. Litig.,* 900 F. Supp. 1217, 1228 (N.D. Cal. 1994) (citing *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).) Similarly, for allegations based upon "information and belief" to be facially plausible, either the facts on which the allegations are based must be "peculiarly within the possession and control of the defendant," or the belief must be "based on factual information that makes the inference of culpability plausible." *Vavak v. Abbott Labs., Inc.*, 2011 WL 10550065, at *2 (C.D. Cal. June 17, 2011) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).) "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Mui Ho v. Toyota*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: **ED CV 17-1933 (SJO)**
**AP 6:16-ap-1199-MH**
**BK 6:13-bk-27611-MH**

DATE: **April 12, 2018**

*Motor Corp.*, 931 F. Supp. 2d 987, 992 (N.D. Cal. 2013) (quoting *Cafasso, United States ex rel v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)) (internal quotation marks omitted) (formatting in original).

    C.    <u>Analysis</u>

The Court now turns to a review of "all earlier, non-final orders and rulings which produced the judgment." *Litchfield*, 736 F.2d at 1355. However, because this Court "think[s] it makes little sense to resolve this [appeal] on the basis of an outdated complaint that has been refined at the time and expense of the [Bankruptcy] court[,] [w]e therefore exercise our discretion to evaluate [the causes of action] here on the basis of Plaintiff's most recent complaint[s]." *Cross-Cty. Bank v. Klussman*, 2004 WL 966289, at *5 (N.D. Cal. Apr. 30, 2004). Accordingly, Revere's amended pleadings in the TAC will inform this Court's analysis. However, where applicable, the Court will cite to Revere's SAC.

    1.    <u>Fraudulent and Preferential Transfer</u>

To bring a claim under California's former Uniform Fraudulent Transfer Act (the "UFTA"),[5] a plaintiff must allege that: a creditor has a claim; the debtor transferred the debtor's interest in property; the debtor made the transfer with actual intent to "hinder, delay, or defraud any creditor of the debtor"; and, a creditor was injured as a result of that transfer. Cal. Civ. Code § 3439.04. Under the United States' UFTA, a plaintiff must allege that: there was a transfer of an interest of the debtor in the property; the transfer occurred "on or within 2 years before the date" that the debtor filed bankruptcy; and, the debtor made such a transfer with "actual intent to hinder, delay, or defraud any entity to which the debtor was or became, or after the date that such transfer was made or such obligation was incurred, indebted." 11 U.S.C. § 548(a)(1)(A). The law allows for a plaintiff to recover a fraudulent transfer from an initial transferee or a subsequent transferee. *See* 11 U.S.C § 550(a)(1-2).

To assert a cause of action to avoid a preferential transfer under 11 U.S.C. § 547, a plaintiff must allege that: the debtor transferred an interest of the debtor in property; the transfer was "to or for the benefit of a creditor"; the transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made"; the transfer was made while the debtor was insolvent;

---

    [5]  California revised the UFTA to enact the Uniform Voidable Transactions Act, which became effective on January 1, 2016. *See* Cal. Civ. Code § 3439; yet, the UFTA still governs transfers that occurred while the UFTA remained in effect. Cal. Civ. Code § 3439.14(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **ED CV 17-1933 (SJO)**
**AP 6:16-ap-1199-MH**
**BK 6:13-bk-27611-MH**

DATE: **April 12, 2018**

and, the transfer was made on or within 90 days before the date that the debtor filed for bankruptcy. *See generally* 11 U.S.C. § 547.

In its TAC, Revere establishes that it has a claim by arguing Roger schemed to "hinder, delay, [and] defraud creditors," of which Revere was one. (AA, Vol. 4, 2157.) Next, Revere adequately alleges Roger, as the debtor, transferred his interest in the property. (AA, Vol. 4, 2157-2158) (*see, e.g.*, "Roger ... transferred at least $408,947.00 that Roger owned ... to OIC ... to hold on behalf of Roger, who retained ownership and sole title.") Revere also properly alleged the transfer occurred as least ninety days, never mind two years, before Roger's October 2013 filing for chapter 7 bankruptcy, (AA, Vol. 4, 2158) ("on or about 28 August 2013, Roger directed"), and that transfer was made with malignment intent towards Revere and to the benefit of BSC. (AA, Vol. 4, 2155-2158) (*E.g.*, "Revere ... filed the action ... to collect debts from ... Roger") ("as part of the scheme to hinder, delay, and defraud [Revere], the Receiver") ("Roger and Roger Agents ... transferred at least $408,947.00 ... to OIC") ("a corporation ... Roger founded ... was the sole shareholder, director, and officer [of]") ("Roger [then] caused OIC to transfer $408,947 ... to BSC to pay Roger's alleged personal debt to BSC.") Accordingly, Revere has undoubtedly alleged facts that add up to "more than a sheer possibility that [the] defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The Bankruptcy Court's requirement that Revere effectively prove initial transferee OIC was a "mere conduit" that Rogers maintained "dominion and control" over is contrary to the pleading standards established by the Federal Rules of Civil Procedure as read by this Circuit. (*See, e.g.*, AA, Vol. 3-9, 2148, ECF No. 55) ("RFC has failed to assert sufficient facts to plausibly claim that the Debtor, and not OIC, had dominion over the funds at issue based on a 'mere conduit' theory.") In fact, Revere's SAC "state[s] with particularity the circumstances constituting fraud" by identifying the "who, what, when, where, and how of the misconduct charged." *Gen. Dynamics C4 Sys., Inc.*, 637 F.3d at 1054; *Mui Ho,* 931 F. Supp. 2d at 992. For example, 'who': Roger, OIC, and BSC, (AA Vol. 3-1, 1306) ("Roger to BSC by the OIC/BSC Transfer"); 'what': the transfer of $408,947 from Roger to BSC by way of OIC, (AA Vol. 3-1, 1305) ("Roger caused OIC to transfer $408,947, which ... belonged to Roger and that OIC held on behalf of ... Roger, to BSC"); 'when': "28 August 2013," (AA Vol. 3-1, 1305); 'where': "the territorial jurisdiction of the Central District of California," (AA Vol. 3-1, 1300); and, 'how': by exercising dominion and control over OIC as a mere conduit. (*See generally* AA Vol 3-1, 1306); (*see, e.g.*, AA Vol 3-1, 1306-1307) ("Roger routinely deposited or caused Roger Agents to deposit Roger's own money into OIC's bank accounts for no legitimate business purpose and then caused OIC to use the money that OIC held, but belonged to Roger, to pay Roger's personal expenses").

Furthermore, in its review of the TAC, the Bankruptcy Court acknowledged that "it appears at least plausible that OIC could not exercise dominion over the funds at issue." (AA, Vol. 4, 2295-2296.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: ED CV 17-1933 (SJO)        DATE: April 12, 2018
         AP 6:16-ap-1199-MH
         BK 6:13-bk-27611-MH

The Bankruptcy Court's analysis should have stopped upon this admission. *See Sheppard*, 694 F.3d at 1048-1049 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face") (emphasis added); *OSU Student All.*, 699 F.3d at 1078 ("where the claim is *plausible* ... the plaintiff's failure to prove the case on the pleadings does not warrant dismissal") (emphasis added). Accordingly, the Bankruptcy Court erred when it required Revere to do more than necessitated by this Circuit's pleading standards; and, in doing so, may have put Revere at a severe disadvantage by effectively mandating Revere's evidentiary road-map to prove its claims.

2. <u>Unjust Enrichment and Money Had and Received</u>

To plead a cause of action for unjust enrichment, a plaintiff need allege the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008). "A cause of action for money had and received is stated if it is alleged the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff. *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997) (internal quotation marks omitted). "Pleading a common count is not rigorous." *Navigator Yachts Inc. v. Buck*, 2012 WL 12892157, at *8 (C.D. Cal. Dec. 12, 2012). Simply, "[a] common count is 'proper whenever the plaintiff claims a sum of money due.'" *Sweden v. Melius*, 2015 WL 7573622, at *5 (C.D. Cal. Nov. 25, 2015) (quoting *Kawasho Int'l, USA v. Lakewood Pipe Serv.*, 152 Cal. Ap. 3d 785, 793 (1983).)

In viewing the evidence "in the light most favorable to the plaintiff," Revere's SAC more than sufficiently alleged appropriate facts to refute a 12(b)(6) motion on unjust enrichment and money had and received grounds. *Shwarz*, 234 F.3d at 435. For example, in the SAC, Revere pled that Roger violated a state-court Receiver Order by transferring his personal money, through OIC, to BSC – i.e., money that should have stayed in the receivership estate and, therefore, the bankruptcy estate. (AA, Vol. 3-1, 1302-1306); (*see also* AA, Vol. 3-1, 1304-1306) ("BSC's retention of the use and benefit of proceeds of the OIC/BSC Transfer and any income of the OIC/BSC Transfer is inequitable and unjust ... [and Revere] is entitled to restitution in the amount of at least: $408,947.00 from BSC"); (AA, Vol. 3-1, 1313-1314) ("[a]s a direct and proximate result of BSC's failure to pay [Revere] the money that BSC had and received from the proceeds of the OIC/BSC Transfer ... Revere is entitled to recover money had and received of: $408,947.00 from BSC"). Accordingly, because Revere sufficiently pled the elements for its common count claims,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: ED CV 17-1933 (SJO)　　　　　　　　DATE: April 12, 2018
　　　　　　AP 6:16-ap-1199-MH
　　　　　　BK 6:13-bk-27611-MH

the Bankruptcy Court's SAC Dismissal Order as to Revere's fourth and fifth causes of action was in error.[6]

### a. The Bankruptcy Court Erred

In its SAC Dismissal Order, the Bankruptcy Court does not "accept plaintiff's factual allegations in the complaint as true" even though they are "based on factual information that makes the inference of culpability plausible." *Shwarz*, 234 F.3d at 435; *Vavak*, 2011 WL 10550065, at *2. Instead, the Bankruptcy Court states, in part, "[Revere] has advanced no factual allegations or legal theories to undercut the legal authority of OIC over the Transfer, irrespective of whether [Roger] as a principal of the company directed some improper use of the funds." (AA Vol. 3-1, 2147). However, Revere had advanced the requisite legal theories to undercut the legal authority of OIC and make the inference of culpability plausible. For instance, Revere alleges on information and belief that OIC was a corporation "Roger founded, for which was Roger was, at all material times, the sole shareholder, director, and officer." (AA Vol. 3-1, 1301.) Next, Revere specifically alleges that "[t]he money in OIC's bank account belonged to Roger," "Roger had dominion and control over the money transferred by OIC to BSC," "OIC did not have a right to put the Roger/OIC Transfers to OIC's own use," and "Roger used OIC as a mere conduit to transfer money from Roger to BSC [via] OIC." (AA Vol. 3-1, 1306.)

In *In re Incomnet*, as cited by Revere in its briefing, the Ninth Circuit gave an example of when an entity has legal title as a formal matter, but does not have discretion to use its funds, thus implicating the 'mere conduit' moniker. Specifically, "a bank that receives currency from a depositor with instructions to deposit those funds into the account of a third party ... will initially take title over the depositor's funds"; yet, the bank "will not have dominion over them because it has no discretion over the uses to which the depositor's money is to be put. Thus, the bank is not the transferee, but the conduit or agent for a general deposit." *In re Incomnet, Inc.*, 436 F.3d 1064, 1075 (9th Cir. 2006). Based on the foregoing, such is the matter as specifically alleged here. Nevertheless, the Bankruptcy Court argued "there are no facts to indicate that OIC received any direction to segregate the funds ... for the benefit of Roger." (AA, Vol. 3-1, 2148.) Be that as

---

[6] Common counts such as the ones at issue here are "*Stern* claims, which Article III does not permit to be treated as 'core' claims under § 157(b)." *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2167 (2014) (italics in original). And, because neither party consented to the Bankruptcy Court's jurisdiction, (AA, Vol. 4, 2153), the Bankruptcy's Court's dismissal of Revere's fourth and fifth causes of action with prejudice is submitted as "proposed findings of fact and conclusion of law to the District Court for *de novo* review." *Arkison*, 134 S. Ct. at 2168.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: ED CV 17-1933 (SJO)　　　　　　　　DATE: April 12, 2018
　　　　　　AP 6:16-ap-1199-MH
　　　　　　BK 6:13-bk-27611-MH

it may, at no point did the Ninth Circuit require an allegation that the debtor need direct the entity with legal title to segregate funds in order for the legal entity to become a mere conduit. In truth, the 'mere conduit' standard is much simpler than the foregoing example: "[w]hen A gives a check to B as agent for C, then C is the 'initial transferee'; the agent may be disregarded. " *In re Incomnet, Inc.*, 436 F.3d at 1070 (quoting Bonded Fin. Servs., Inc. v. European Am. Bank, 838 F.2d 890, 893 (7th Cir. 1988)); *see also In re Incomnet, Inc.*, 436 F.3d at 1071 ("we have explicitly adopted the "more restrictive 'dominion test,' " set out in *Bonded Financial Services*"). As alleged here, Roger gave monies to OIC as agent for BSC, BSC thus becomes the initial transferee and OIC may be disregarded. The Bankruptcy Court's enhanced requirement that OIC needs to have been told to set aside certain funds for the benefit of Roger does not persuade.[7]

Moreover, in not accepting plaintiff's factual allegations as true, the Bankruptcy Court erred by relying on an unpublished case from the bankruptcy court in Illinois. (*See, e.g.*, "BSC's citation to *In re David L. Duckworth* ... sets forth the better view.") First, *Duckworth* deals with a motion for summary judgment, not a motion to dismiss. *In re Duckworth*, 2013 WL 211231, at *1 (Bankr. C.D. Ill. Jan. 18, 2013) ('[t]his matter is before the Court on cross motions for summary judgment"). Second, the *Duckworth* parties had the opportunity to conduct discovery for the defendant to establish by undisputed facts that the legal entity was not an agent of the transferor and that the legal entity – not the debtor – had authority over the funds for its own purpose. *Id.* at *7 ("Power Trading's dominion and control over the funds deposited into its account was absolute and unrestricted") Here, no such facts are in dispute; rather, all that exists are Revere's specific allegations to the contrary – i.e., Roger, not OIC, had absolute and unrestricted control of the funds. Accordingly, Revere's specific, factual allegations were adequate and the Bankruptcy Court's SAC Dismissal Order was in error.

As previously mentioned, in the TAC Dismissal Order, the Bankruptcy Court states, "[Revere] has made some specific allegations, which if true, may support a theory that OIC did not have 'dominion' over the funds deposited by Roger/Ebarb because it would not have had the ability to use the funds in any way it wanted." (AA Vol. 4, 2295). The Bankruptcy Court proceeds to "question whether [Revere] has information to support these allegations," albeit with an

---

[7] Inversely to the Bankruptcy Court's argument, if separate funds were set aside on Roger's behalf, such an act might trigger the "second and separate transaction" necessitated for the agent to acquire dominion over the money. *In re Incomnet*, 463 F.3d at 1070. In other words, *had* OIC set aside Roger's funds within its account, OIC might have effectively gained dominion of the funds, warranting the Bankruptcy Court's finding. However, because a second transaction did not occur once Roger's monies were in OIC's accounts, OIC's control of the funds cannot be established.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  ED CV 17-1933 (SJO)　　　　　　DATE: April 12, 2018
　　　　　　AP 6:16-ap-1199-MH
　　　　　　BK 6:13-bk-27611-MH

annotation-of-sorts acknowledging "the credibility of [Revere]'s amendments is not at issue." (AA Vol. 4, 2295.)  Here, the Bankruptcy Court is correct: Revere is not required to prove its case on the pleadings.  Nonetheless, as opposed to stopping its motion to dismiss analysis at, "it appears at least plausible," (which is sufficient per *Twombly)*, the Bankruptcy Court reasons itself away from the correct finding by hinging the bulk of its order on the Eleventh Circuit case *Martinez v. Hutton (In re Harwell)*, 628 F.3d 1312, 1323 (11th Cir. 2010).  (AA Vol. 4, 2296.)  In coming to its ultimate conclusion, the Bankruptcy Court notes, "[t]he Opposition fails to address or distinguish the *Harwell* case," seemingly insinuating *Harwell* is determinative of the matter here.  (AA Vol. 4, 2296).  However, Revere has no obligation to address non-binding authority, regardless of how persuasive it may be.  *See,* e.g., *Lozano v. Astrue*, 2008 WL 5875573, at *2 (9th Cir. Sept. 4, 2008) ("[D.C. Circuit] and [1st Circuit] of course, are not binding authority in the Ninth Circuit").  Furthermore,  although the Bankruptcy Court asserts, per *Harwell*, that OIC has not met "the requirement that [it] act in good faith to qualify as a 'mere conduit,'" (AA Vol. 4, 2296), binding Ninth Circuit precedent has established that the applicable test is whether an entity had dominion over the funds, and good faith is not an element of that analysis.  *In re Payroll Am., Inc.*, 498 B.R. 252, 262 (D. Idaho 2013), aff'd, 609 F. App'x 367 (9th Cir. 2015); *see also In re Viola*, 469 B.R. 1, 6 (B.A.P. 9th Cir. 2012), aff'd, 583 F. App'x 669 (9th Cir. 2014) ("the Ninth Circuit has been clear regarding its adoption of the dominion test and corresponding rejection of the 'more lenient' control test").  Here, as established *ante*, Revere has adequately pled that Roger, not OIC, had dominion over the monies deposited in OIC accounts.  Thus, in disregarding the requisite pleading standard and hedging its reasoning on an extraneous opinion, contrary to Ninth Circuit precedent, the Bankruptcy Court erred in its TAC Dismissal Order.

III.　　RULING

For the forgoing reasons, the Court **REVERSES** the Bankruptcy Court's Order Dismissing Appellants Second Amended Complaint and Third Amended Complaint and **REMANDS** the action to the Bankruptcy Court for further proceedings.

IT IS SO ORDERED.